Freeman, J.,
delivered the opinion of the Court.
This is an action, brought in the Circuit Court of Campbell County, by Anderson, surviving partner, etc., against Hunter, to recover “one hundred dollars, which, he says, is due from defendant, on the 4th day of November, 1864, by account, for balance due on price of a horse.” Defendant filed a plea, denying that he owed the debt sought to be recovered, and gave notice of special defenses. The case was tried on these issues, and plaintiff recovered a judgment, from which there was an appeal in- error to this Court.
The first question before us is, that this is not an account that may be proven under the Act of 1819; transferred to Code, section 3780. Ve hold that this is such an account .as may be- proven by affidavit, and made evidence under said section of the Code. It is property sold, and the number of items in the account, we think, does no-t in any way change its character.
The second question presented is, the admissibility of the account of the plaintiff under the state of the pleadings in this case.
The section of the Code, 3780, provides that, “an account on which an action is brought,” coming from another County or State, with the affidavit of the plain-, tiff to the correctness of the account, and certified as re-quired, is conclusive evidence against the party sought *3 to be charged, unless he shall, on oath, deny the account.
It is required that the action shall be brought on the account thus verified. This Court said in the case of Cave and Schaffer v. Baskett, 3 Hum., 340, that by chapter 27, section 4 of the Act of 1819, “it was provided that the party pleading non est faotum, to (or more correctly denying the execution of) any promissory note or bill of exchange, etc., should make affidavit to the truth of his plea, and that the Act under consideration is only intended to put a proven account on the same footing.”
We hold the fair construction of the section of the Code to be, that the action must be brought on the proven account; that the defendant should have notice of the fact, that the foundation of the suit is such an account, in order that he may deny the correctness of the same on oath. We hold that the complainant should, in his declaration, allege that the account is an account from another County or State, verified under this section of the Code, and make profert of such account in his declaration, in order that defendant may be informed of the nature of the cause of action against him, and be able to make the defense allowed by the statute. Unless this shall be done, the defendant may in any case be surprised on the trial of the case.
We do not think the plaintiff was entitled to introduce his account in the case, because, from his declaration,. it does not appear that his action was brought on a proven account under the statute, but a simple account *4 which imports nothing more than an indebtedness of a party to another in the form of an account. It certainly does not import in any way that snch account has been so verified, as to place it on the footing of a promissory note as evidence, and make it conclusive as to the liability of the defendant. The evidence introduced was of a different character from the cause of action alleged, and ought to have been rejected by the Court.
We hold further, that the defendant, who wishes to deny the correctness of the account described and referred to in the declaration of plaintiff must file such denial, with his plea, to the plaintiff’s declaration, unless he shall be permitted to file it at a subsequent period, by the Court; which the Court may allow, in the exer cise of its discretion.
This opinion does not conflict, with the case of Brien v. Peterman and Cope, 3 Head, 498. That case only holds that plaintiff was not entitled to a new trial on account of alleged surprise, by the denial under oath, of the defendant, having been filed, at the time it was filed, in (that case. The Court held, very properly, that if he was not prepared to prove his demand, after this denial, he should have asked for a continuance. Having gone into the trial without objection, he could not claim a new trial on account of alleged surprises by a fact well known do him before the trial was commenced.
It .is insisted, however, that the failure of plaintiff to file his account with his declaration, is only equivalent to a failure to make proferfc of a promissory note, when sued on, and could only be taken advantage of by *5 special demurrer. In our view of the case, no demurrer could have been filed for such cause, as the fact that the suit was brought on an account proven under the statute, did not appear on the face of the declaration.
The judgment will be reversed, and the case remanded for trial.